UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                  CR. NO. 23-20152

v.

                                                  HON. MARK A. GOLDSMITH

Jack Eugene CARPENTER III,

        Defendant.

_____/

**MOTION FOR FINDING FROM DISTRICT COURT
<u>ON STATUS OF DEFENDANT'S LEGAL REPRESENTATION</u>**

On May 10, 2024, this court issued a written opinion and order finding Mr. Carpenter not competent to stand trial. (ECF 124.) On May 14, the court issued an order committing Mr. Carpenter to the custody of the Attorney General for hospital treatment to attempt to restore competency and finding excludable delay. (ECF 126.) Since then, Mr. Carpenter has been awaiting transfer to a BOP hospital facility. Upon information and belief—the source of which is communications with the assigned Assistant U.S. Attorneys on this case—Mr. Carpenter is scheduled to be transferred for restoration procedures before the end of September 2024.

Throughout the pendency of this case, Mr. Carpenter has asserted his wish that assigned defense counsel be removed. In some instances, he has based such a request on a desire to represent himself. In other instances, he has based it on assertions that his defense attorney harbors a conflict of interest and has rendered ineffective assistance

1

of counsel. The court has never squarely addressed these requests, based primarily on the fact that Mr. Carpenter's legal competency to make such assertions was called into question by the Government, and that this court later indeed found Mr. Carpenter to be legally incompetent.

However, Mr. Carpenter has continued to make such *pro se* requests to this Court. He has also filed multiple interlocutory or collateral appeals related to this matter, several of which remain pending, and all of which either directly or indirectly relate to his claims of ineffective assistance of counsel. Not all of Mr. Carpenter's assertions of ineffective assistance of counsel hinge on his desire to put forward legal arguments of sovereign immunity that this court has rejected as delusional. The question thus presents itself: would the interests of justice be best served by maintaining assigned defense counsel, or by appointing alternative counsel that can serve as fresh eyes to Mr. Carpenter's various claims, in case any of them present non-frivolous ineffective assistance or due process claims that could be taken up by or resolved by a new attorney?

Assigned defense counsel does not take a position on this question. Given the court's finding that Mr. Carpenter is legally incompetent, assigned counsel has no objection to remaining as Mr. Carpenter's advocate at the present time. However, assigned counsel also has no objection to being removed and replaced, if the court deems that to be in the best interests of justice and Mr. Carpenter's rights to due process

and effective counsel. Defense counsel thus moves this court to make a determination on whether currently-assigned defense counsel should continue to represent Mr. Carpenter.

Defense counsel sought concurrence from the Government. The Government opposes this Motion.

### Review: Mr. Carpenter's past requests that this court remove counsel

Mr. Carpenter has filed numerous *pro se* motions with this court requesting that defense counsel be removed, on the grounds of conflict of interest and ineffective assistance.

Well before the finding of incompetency, Mr. Carpenter began to file handwritten letters and motions with this court in which he raised claims that his defense counsel is ineffective. (*See, e.g.*, ECF 40, PageID. 132-5; ECF 42, PageID. 221-2; ECF 45, PageID. 231-2; ECF 49, PageID. 245; ECF 50, PageID. 250, 252-5; ECF 51, PageID. 257-8, 260; ECF 53, PageID. 264-5; ECF 54, PageID. 267-71; ECF 57, PageID. 292-3, 296; ECF 58, PageID. 307-8; ECF 59, PageID. 313-7; ECF 64, PageID. 342-3; ECF 65, PageID. 345-6; ECF 66, PageID. 350-1; ECF 67, PageID. 353-4, 356; ECF 68 PageID. 365-7; ECF 70, PageID. 377; ECF 71, PageID. 386; ECF 72, PageID. 390-1; ECF 73, PageID. 399-400; ECF 74, PageID. 402-5; ECF 75, PageID. 413; ECF 78, PageID. 421; ECF 79, PageID. 424-5; ECF 80, PageID. 428; ECF 81, PageID. 430-

2; ECF 82, PageID. 435; ECF 84, PageID. 449, 454-55, ECF 85, PageID. 458-9; ECF 87, PageID. 474; ECF 89, PageID. 485-6; ECF 93, PageID. 600-1; ECF 94, PageID. 603; ECF 95, PageID. 611; ECF 97, PageID. 620, 622, 627; ECF 125, PageID. 733-5.) During the competency hearing, Mr. Carpenter also made oral record of his claims of ineffective assistance of counsel. (*See* Tr., ECF 92, PageID. 566-8.) Generally, Mr. Carpenter's claims were five-fold:

- first, that assigned defense counsel has failed to file or support various legal arguments—most prominently related to jurisdictional issues—that Mr. Carpenter believes are non-frivolous, but that defense counsel believes are in fact frivolous;
- second, that assigned defense counsel therefore has a conflict of interest in this case, and that this conflict has adversely affected counsel's performance;
- third, that defense counsel is actively interfering in Mr. Carpenter's efforts to pursue *in propria persona* interlocutory appeals of this court's decisions in this case;
- fourth, that defense counsel has repeatedly failed to perform tasks that Mr. Carpenter believes to be required of him, including not reading the entirety of Mr. Carpenter's pre-arrest online postings, and not timely printing and mailing to Mr. Carpenter the entirety of his handwritten filings in this case; and
- fifth, that defense counsel is actively colluding with the Government and this Court to suppress his conspiracy theories regarding the global COVID pandemic and the implementation of the subsequent vaccines, and to keep Mr. Carpenter incarcerated.

Perhaps the most succinct summary of Mr. Carpenter's conflict-of-interest and ineffective assistance claims can be found in his Motion to Remove Counsel for Ineffective Assistance. (*See* Mot., ECF 125, PageID. 733-5.). Notably, this Court denied that Motion. (*See* Order, ECF 27, PageID. 743.) The Court also denied similar earlier

motions. (*See id.*; *see* ECF 64, 67.) However, the Court did not deny these motions to remove counsel on the merits, but rather on the basis that they were filed *pro se* by an individual the court had found to be legally incompetent. (*See* Order, ECF 27, PageID. 743.)

Since the incompetency finding, Mr. Carpenter has continued to file handwritten letters and motions with this court arguing conflict of interest and ineffective assistance of counsel. (*See, e.g.*, ECF 128, PageID. 744-5; ECF 129, PageID. 758; ECF 130, PageID. 764-5; ECF 132, PageID 773; ECF 138, PageID 827-8; ECF 139, PageID. 835; ECF 142, PageID. 852; ECF 143, PageID. 859-60; ECF 145, PageID. 865-6, 868; ECF 146, PageID. 870-1; ECF 149, PageID. 882; ECF 151, PageID. 888-91) ECF 153, PageID. 896; ECF 155, PageID. 904.) Mr. Carpenter's filings since the incompetency finding generally repeat the same conflict-of-interest and ineffective-assistance-of-counsel arguments as before, but do add a few new specific arguments, including:

- that defense counsel filed motions on Mr. Carpenter's behalf despite instructions not to (*see* ECF 132, Page.ID 773);
- that defense counsel caused default judgments in Mr. Carpenter's "state cases" due to mishandling of paperwork (*see id.*);
- that defense counsel failed to object to the court's "transfer [of the] burden of proof in a challenge of jurisdiction to the defense" (*see id.*);
- that defense counsel corruptly failed to seek the services of a forensic expert in computers to investigate Mr. Carpenter's assertion that "he was being targeted for being able to expose US government officials' criminal behavior", (*see* ECF 146, PageID. 871; ECF 151, PageID. 889);
- that defense counsel would presumably fail to interview certain "character witnesses" as yet unnamed by Mr. Carpenter (*see* ECF 149, PageID. 882);

5

- that defense counsel failed to properly impeach the government's witness at the competency hearing by failing to present evidence of the government conspiracy against him (*see* ECF 151, PageID. 889-90); and
- that defense counsel "caused a Due Process error" by suggesting that the court rule on the government's competency challenge before ruling on Mr. Carpenter's jurisdictional challenge (see ECF 155, PageID. 904).

Neither defense counsel nor the Government have yet filed any briefing addressing these *pro se* motions. Nor has the court issued any rulings—presumably, for the same reason that the court denied Mr. Carpenter's earlier pro se motions: because the court has already found Mr. Carpenter incompetent and does not see a basis to address such motions on the merits.

## Mr. Carpenter's pending interlocutory appeal

A notice of appeal was filed *pro se* by Mr. Carpenter in this case on July 18, 2023, challenging this court's striking of various previous *pro se* motions filed by Mr. Carpenter, as well as challenging this court's Order granting a Psychiatric Examination. (Notice, ECF 51, PageID. 257-60). The Sixth Circuit docketed the appeal, which remains pending. See *United States v. Carpenter*, Case No. 23-1661 (6th Cir.).

Defense counsel was ordered by the Sixth Circuit to enter a notice of appearance in that matter.[1] *See id.*, Letter, Doc. 1, page 1; see also *id.*, Appearance, Doc. 3. Mr.

---

[1] Mr. Carpenter has also made at least two other filings with this district court purporting to be notices of appeal. (Notice of Appeal, ECF 94, PageID. 603-7; Notice

Carpenter filed his own *pro se* opening brief in the appellate matter. *See id.*, Appellant Brief, Doc. 12. After granting defense counsel's motion to hold the appeal in abeyance pending the competency proceedings in this court, the appellate court ordered defense counsel to file periodic status reports. *See id.*, Order, Doc. 14-2, page 1.

Arguably, Mr. Carpenter's appeal of this court's order for a psychiatric evaluation may be dismissed as moot by the Sixth Circuit following this court's finding that Mr. Carpenter is, in fact, not legally competent. *See, e.g., United States v. Rayyan*, 668 F. App'x 646 (6th Cir. 2016) ("Rayyan brought this interlocutory appeal pursuant to the collateral-order doctrine to challenge his particular "loss of liberty" corresponding to the court-ordered and involuntary commitment for the psychiatric evaluation. . . . In the meantime, both the psychiatric evaluation and the associated involuntary commitment/detention were completed. Consequently, the government has moved to

---

of Intent to Appeal and request Interlocutory Appeal, ECF 151, PageID. 888-92.) The first, arguing that this court had failed to address Mr. Carpenter's jurisdictional arguments, was docketed by the appellate court but ultimately dismissed for lack of jurisdiction, given no final order had been issued from this court on the matter. (Order Dismissing Appeal No. 24-1149, ECF 111, PageID. 677-8.) The second appears to have been interpreted as a motion to remove appellate counsel by the Sixth Circuit, and included in the already-pending appeal. *See United States v. Carpenter*, Case No. 23-1661 (6th Cir.), Appellant Motion, Doc. 25.

Mr. Carpenter also filed a pro se petition for writ of habeas corpus with the United States Supreme Court. *See In re Jack Carpenter, III*, Sup. Ct. No. 23-7731. That petition was docketed, and is scheduled for review at conference on September 30, 2024. Defense counsel remains uninvolved in that petition.

dismiss this interlocutory appeal as moot, because we can no longer grant relief that would satisfy Rayyan's motion or the collateral-order doctrine").

And the other issues raised by Mr. Carpenter in his interlocutory appeal—that this court improperly struck *pro se* motions on the basis that Mr. Carpenter is not entitled to hybrid representation, and that this court has failed to properly consider his argument that it has no personal jurisidiction over him—may turn out to be dismissable without reaching their merits, on the basis that the claims were raised by a legally incompetent person (just as this court dismissed, following the finding of incompetency, Mr. Carpenter's remaining pro se motions).

However, given that the Sixth Circuit has thus far kept the appellate docket pending, there remains an opportunity for counsel on behalf of Mr. Carpenter to file amended briefing on his behalf—assuming such issues are cognizable and non-frivolous. But the current assigned counsel cannot make an unconflicted determination as such, precisely because these claims are all primarily based on or relevantly relating to Mr. Carpenter's assertions that his defense attorney has a conflict of interest and has rendered ineffective assistance of counsel.

The appellate court's mandate that assigned counsel represent Mr. Carpenter is based on Sixth Circuit Rule 12(c)(1), which requires that counsel assigned by the district court continue representation on appeal until specifically relieved by that Court. *See* Case No. 23-1661, Doc. 1, page 1. If this district court were to remove assigned

counsel, this would presumably result in new counsel taking over on the appellate matter. New counsel would be able to provide "fresh eyes" to Mr. Carpenter's appellate claims, unburdened by the conflict of interest that would arise from raising ineffective assistance claims against oneself.[2] To the extent that the appointment of replacement counsel for Mr. Carpenter might facilitate an unconflicted assessment of his claims and therefore ensure Mr. Carpenter's Sixth Amendment rights are protected, currently assigned defense counsel does not oppose being relieved if this court determines it to be in the best interest of justice and Due Process.

## Conclusion

The defense asks this Court to consider whether the best interests of justice and due process militate in favor of relieving defense counsel and ordering replacement counsel appointed.

Respectfully submitted,

*/s/ Jean Pierre Nogues*
FEDERAL COMMUNITY DEFENDER
613 Abbott St., Suite 500
Detroit, Michigan 48226

---

[2] On September 10, 2024, Mr. Carpenter filed a pro se Motion for appellate counsel to withdraw. *See* Appellant Motion, *United States v. Carpenter*, Case No. 23-1661 (6th Cir.), Doc. 25. The content of Mr. Carpenter's motion to remove appellate counsel is not yet viewable on the electronic docketing system. Presumably it is based upon the same conflict-of-interest and ineffective-assistance claims raised by Mr. Carpenter elsewhere. (*See*, *e.g.*, ECF 151, PageID. 888-91.)

9

                                                                                   PHONE: (313) 967-5840
                                                                                   EMAIL: JP_Nogues@fd.org

Dated: September 17, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CR. NO. 23-20152

v.        HON. MARK A. GOLDSMITH

JACK EUGENE CARPENTER, III,

        Defendant.
_____/

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

        Hank Moon
        Frances Lee Carlson
        Assistant United States Attorneys
        United States Attorney's Office
        211 W. Fort Street, Suite 2001
        Detroit, Michigan 48226

        **FEDERAL COMMUNITY DEFENDER**

        s/Jean Pierre Nogues
        Attorney for Defendant
        613 Abbott Street, Suite 500
        Detroit, Michigan 48226
        (313) 967-5840
        E-mail: jp_nogues@fd.org

Dated: September 13, 2024