United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,                     Case No: 23-20152

v.

                                     Hon. Mark A. Goldsmith

Jack Eugene Carpenter III,

        Defendant.
_____/

## United States' Response to Defendant's Motion for Finding on Status of Defendant's Legal Representation

Attorneys for the United States recognize that defense counsel is in a difficult position. Carpenter—who this Court found not competent to stand trial because he cannot rationally assist in his own defense—continues to file ineffective assistance of counsel claims in this case, the Sixth Circuit, and the Supreme Court. Defense counsel therefore asks this Court to "consider" and "find" whether replacement counsel is warranted.

In his motion, defense counsel suggests that there may be a potential conflict of interest (ECF No. 159, PageID.122), but he also indicated that he "has no objection to remaining as Mr. Carpenter's advocate at the present time." (*Id.* at PageID.916). And defense counsel

1

has not moved to withdraw. Nonetheless, because defense counsel has brought a potential conflict to the Court's attention, the government agrees that the Court should hold a hearing to determine whether an actual conflict of interest exists to warrant replacement counsel for Carpenter.[1] Any such hearing should occur as soon as possible so that Carpenter can be present.[2]

## I. <u>Argument</u>

The Sixth Amendment guarantees a criminal defendant the right "to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. Where a constitutional right to counsel exists, there is a correlative right to representation that is free from conflicts of interest. *Wood v. Georgia*, 450 U.S. 261, 271 (1981) (citing *Cuyler v. Sullivan*, 446 U.S. 335 (1980)). When a potential conflict is brought to a court's attention, it triggers an "independent duty" by the court to "investigate." *Wheat v. United States*, 486 U.S. 153, 161 (1988); *see, e.g., United States v. Krebs*,

---

[1] Originally, the government did not concur in the relief requested in defendant's motion, however, for the reasons stated in this response, that position has changed upon further consideration of the issues raised.

[2] On September 11, 2024, undersigned counsel asked for a timing update from the Bureau of Prisons and learned that Carpenter's anticipated transfer date to the U.S. Medical Facility for Federal Prisoners in Springfield, Missouri is November 2024.

788 F.2d 1166, 1172 ("when a trial court becomes aware of a potential conflict of interest, it is obligated to pursue the matter even if counsel does not.").

Defense counsel points out that Carpenter has long claimed ineffective assistance of counsel in the district court (ECF No. 159, PageID.917–20), in the Sixth Circuit (Case No. 23-1661, Document 12), and in the Supreme Court (Case No. 23-7731, Petition). Carpenter has also alleged that defense counsel has a conflict of interest. (ECF No. 159, PageID.916). Based on these claims, defense counsel filed a motion requesting that the Court "consider whether the best interests of justice and due process" require replacement counsel at this time "[t]o the extent that appointment of replacement counsel for Mr. Carpenter might facilitate an unconflicted assessment of his claims." (ECF No. 159, PageID.923). The Court should therefore hold a hearing to further inquire into whether there is an actual conflict of interest in defense counsel's continued representation of the defendant. And that is not a determination that the Court can make without Carpenter present since he has a right to be present "at all stages of the proceedings where

3

fundamental fairness might be thwarted by his absence." *Faretta v. California*, 422 U.S. 806, 816 (1975).

To the extent that Carpenter wishes to represent himself, as he has requested multiple times before, he cannot waive his right to counsel unless he does so "competently and intelligently." *Godinez v. Moran*, 509 U.S. 389, 396 (1993). Accordingly, the Court should not entertain defendant's request to represent himself until such time that he is deemed competent.

## II. <u>Conclusion</u>

For these reasons, the government agrees that the Court should hold a hearing to "consider" and "find" whether replacement counsel is warranted in the event there is an actual conflict of interest in defense counsel's representation of Carpenter.

Respectfully,

DAWN N. ISON
United States Attorney


*s/ Hank Moon*
Hank Moon
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone: (313) 226-0220
E-Mail: hank.moon@usdoj.gov


*s/ Frances Lee Carlson*
Frances Lee Carlson
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
Phone: (313) 226-9696
E-Mail: Frances.Carlson@usdoj.gov

Date: September 26, 2024

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 26, 2024, I filed the foregoing document on the ECF system, which will send notice to J.P Nogues, attorney for Jack Eugene Carpenter III.

*s/ Frances Lee Carlson*
Frances Lee Carlson
Assistant United States Attorney
