United States District Court
Eastern Division of Michigan
Southern Division

(6)

pg. 1 of 5

U.S.

✓

Jack Carpenter

Case No. 23-20152

Mark A. Goldsmith

FILED
CLERK'S OFFICE

JAN 2 4 2025

U.S DISTRICT COURT
EASTERN MICHIGAN

## Motion to Dismiss
### Oral Hearing Requested

Assigned Counsel, J.P. Nogues, is in violation of E.D. Mich. L.R. 83.20(f) as he is

not a member of the Michigan Bar and no local counsel is assigned nor has appeared

before the Court for any hearing. As such, defendant has been denied counsel

for ~22 months. Court rules require Mr. Nogues to be a member of the Michigan

Bar or to have a member of the Michigan Bar to enter an appearance at every

hearing. Defendant has been denied the 6th Amendment right to counsel. With

no local counsel entered into the record 28 USCS §1654 "Hybrid Defense"

cannot be used to dismiss this motion.

This Court lacks Subject matter, Territorial, and In Personam Jurisdiction. Defendant

has exercised his right to self-determination referenced in Senate Treaty

Document 95-20, and through the internal acts of this self-declared government

is the Sovereign Monarch which through the Law of Nations and 28 USCS §1604

reates immunity of his person by exterritoriality.

An entry into a database server of text originating in the State of Texas placed in a database server not located in Michigan in the Eastern District of Michigan does not trigger the Territorial Jurisdiction of the Eastern District of Michigan as a result of the FBI field office in Michigan querying the database server, and reading the text. The District in the State of Texas where the text originated would have jurisdiction over the act, as that is where it took place. If a person places text into a database by sending the text from Florida to a server in South Carolina, and the FBI in California queried the server, and reads the entry, would California have territorial jurisdiction over the act? The premise is absurd. In that situation "the act" occured in Florida. In the present case, the Tweet in question originated in Texas, not the Eastern District of Michigan, no jurisdiction exists.

18 USCS § 875(c) is being unconstitutionally applied. Entering text into a server in the absence of any commercial act does not trigger the

commerce clause simply because the internet is involved, and the electricity to communicate with the database server travelled on a wire that crosses state lines, and the wire is also used for commerce. That is the equivalent of claiming that if one travels from Michigan to Ohio on a Freeway, that speeding is a federal commerce regulation violation because Semi-trucks ship commerce on Freeways. This is just another example of the Federal Government torturing the commerce clause to create a police power where none exists. This is made more evident as Defendant is charged with a "Hate Crime", signifying an intent to enforce some pretended "Criminal" law, but the "punishment" for said "Crime" is the forfeiture of "proceeds" from the act of commerce, yet in this case there is no commercial act at all. In this case 18 USCS § 875(c) is being used to punish an alleged "threat" absent any commercial act, and is being presented as a "Hate Crime" with no commercial proceeds to forfeit. This is clearly an attempt to exercise a police power belonging to the States by claiming a non-commercial act triggers the commerce clause. It is the duty of the courts to recognize this

tent, and prevent this abuse of law.

Defendants due process rights have been violated as he has been punished absent a trial. The recommended ~~Sent~~ Sentence according to the Sentencing Guidelines would be 0-6 months. Defendant has been imprisoned while the U.S. Attorney tries, in bad faith, to deny defendant the right to a trial, for over 22 months, almost four times what Defendant would serve if the U.S. Attorney was not trying to deny a trial. This clearly constitutes a punishment absent due process.

Additionally, defendant has been moved to a facility that has placed him in solitary confinement for the last 45 days without cause. He is being denied the ability to brush his hair, is allowed 1 phone call a week, restricted commissary, and recreation for 1 hour a day Mon-Fri. He has not received socks that are clean in the last two weeks, and must wash the ones he has in the same sink he drinks from. He is being denied grievance forms. His legal paperwork has been siezed by the facility, and staff requests are often

times ignored. If defendant was convicted, he would be designated for a camp, not maximum security. Requests to have his security designation properly assessed are ignored. Senate Treaty Document 95-20 explains that unconvicted people are to be segregated from convicted persons, and treated in a manner consistent with an unconvicted person. Not only has defendant been forced to mix with convicted persons, he is being treated as a convicted person with a far higher security level than if he was in fact convicted.

E.D. Mich. L.R. 1.1 states the local rules apply to both civil and criminal cases. E.D. Mich. L.R. 83.20(f)(1) requires counsel who is not a member of the Michigan Bar to obtain local counsel. E.D. Mich. L.R. 83.20(f)(2) states that local counsel must enter a notice of appearance and attend all conferences and hearings in the case. 28 USCS § 1654 states that counsel is only "permitted to manage or conduct such cases" ... "by the rules of such courts." "This Court requires STRICT compliance with E.D. Mich. L.R. 83.20(f)" Crowley v Liberty Life Assur. Co. of Boston 2014 U.S. Dist. LEXIS 90752. Mr. Vogues is not assigned under 28 USCS § 1654 and defendant proceeds "personally" under 28 USCS § 1654. I certify this is five pages in length.

Jack Carpenter #45173510

U.S. Medical Center for Federal Prisoners
P.O. Box 4000
Springfield, MO 65801

The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem of which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another address, please return the enclosure to the above address.

MEDICAL CENTER FOR FEDERAL PRISONERS
SPRINGFIELD MO 658

2024 JAN 2025 PM 3 L

Clerk of the Court of
Mark A. Goldsmith
231 W. Lafayette Blvd. 5th floor
Detroit, MI
48226

Do Not Read or Copy
Legal mail