**United States Court of Appeals for the Sixth Circuit**

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 05/07/2025.

**Case Name:** USA v. Jack Carpenter, III
**Case Number:** 25-1333

**Docket Text:**
ORDER filed : We therefore sua sponte DISMISS the appeal as untimely. No mandate to issue, decision not for publication. Jeffrey S. Sutton, Chief Circuit Judge; R. Guy Cole, Jr., Circuit Judge and Eric L. Clay, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description: Order

**Notice will be sent to:**

Mr. Jack Eugene Carpenter III
M.C.F.P. Springfield
P.O. Box 4000
Springfield, MO 65801

**A copy of this notice will be issued to:**

Ms. Kinikia D. Essix
Mr. Henry Edward Moon III
Mr. Jean Pierre Nogues III

<u>**NOT RECOMMENDED FOR PUBLICATION**</u>

No. 25-1333

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 7, 2025
KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| JACK EUGENE CARPENTER III, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

O R D E R

Before:  SUTTON, Chief Judge; COLE and CLAY, Circuit Judges.

This matter is before the court upon initial consideration of the notice of appeal.

In 2023, Jack Eugene Carpenter III was indicted on a charge of making threatening interstate communications.  The government moved for a competency evaluation, which the district court granted on June 22, 2023.  Carpenter filed a notice of appeal, docketed in this court as No. 23-1661.  That appeal remains pending.[1]

On May 14, 2024, the district court determined that Carpenter was not competent to stand trial and ordered him committed to the custody of the United States Attorney General for treatment to attempt to restore competency for a period not to exceed four months.  Pursuant to status reports filed in No. 23-1661, Carpenter arrived at the Federal Medical Center in Springfield, Missouri, for treatment in November 2024.

On March 27, 2025, Carpenter filed a "Notice of Interlocutory Appeal."  The notice does not clearly identify the order that Carpenter seeks to challenge, but it does mention the district

---

[1] Carpenter has filed two other appeals of procedural orders that were dismissed for lack of jurisdiction. *See United States v. Carpenter*, No. 24-1149 (6th Cir. Apr. 2, 2024); No. 24-2031 (6th Cir. Jan. 15, 2025).  Carpenter has also filed a petition for a writ of mandamus in this court, docketed as No. 24-2113, which remains pending.

No. 25-1333
- 2 -

court's June 22, 2023, order granting the government's motion for a competency evaluation. The notice generally argues that Carpenter is competent, he intends to go to trial, and that the delay in the proceedings violates his due process rights. The notice also references his prior appeals and the fact that he has filed petitions for habeas corpus and mandamus in relation to his competency proceedings.

We note that an order committing a defendant for a psychiatric evaluation is immediately appealable as a collateral order. *See United States v. Davis*, 93 F.3d 1286, 1289 (6th Cir. 1996). Nevertheless, in a criminal case, the defendant must file a notice of appeal no later than 14 days after entry of the order from which the appeal is taken. Fed. R. App. P. 4(b)(1)(A). The 14-day deadline is not jurisdictional. *See United States v. Jackson*, 995 F.3d 476, 483 (6th Cir. 2021); *United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011) (per curiam). But "we retain the power to dismiss an untimely appeal sua sponte if the appeal 'implicates the important judicial interests of finality of convictions and efficient administration of claim processing.'" *Jackson*, 995 F.3d at 483 (quoting *Gaytan-Garza*, 652 F.3d at 681).

Although it is unclear which order Carpenter seeks to appeal, we note that the last order relating to his competency was entered on May 14, 2024, more than ten months before Carpenter filed his notice of appeal. Given that length of time, we conclude that dismissal is appropriate because the delay implicates the important judicial interests of finality of judgments and efficient administration of claims. And to the extent that Carpenter seeks to appeal the June 22, 2023, order committing him for a competency evaluation, a challenge to that order remains pending in No. 23-1661.

We therefore sua sponte **DISMISS** the appeal as untimely.

ENTERED BY ORDER OF THE COURT

*Kelly L. Stephens*

Kelly L. Stephens, Clerk