Eastern District of Michigan
Southern Division

pg. 1

US
v
Jack Carpenter

Mark A. Goldsmith
Case No: 23-20152

FILED
MAY 19 2025
CLERK'S OFFICE
DETROIT

## Motion to Dismiss for Procedural and Substantive Due Process violations resulting in punishment without Due Process

The government moving for competency evaluation "to establish" a reasonable belief of incompetency while defense counsel argued that defendant was competent to proceed pro se establishes that there was not a bone fide doubt of incompetency. As the Court found that defendant had a factual and rational understanding of the proceedings that aspect of competency is not necessary to elaborate here. But the secondary aspect of the statute is necessary to elaborate upon, as well as to establish a proper distinction between the statutes phrasing to create the burden to meet to initiate an evaluation versus the phrasing by the U.S. Supreme Court to create the burden

is meet to find one incompetent to stand trial.

To put it simply, to send a person to an evaluation or have a hearing regarding a defendants competency, since an evaluation is not always required, is one standard. To find a person incompetent is a different standard. To initiate an evaluation pre-hearing there must exist a reasonable belief a defendant is incompetent to the extent that they do not have a factual or rational understandings of the proceedings against them or that they do not have a present ability to assist in ones defense in a reasonably rational manner. The latter implies a defendant lacks an ability to, in the present moment, aid another person presumably more knowledgable about the law in developing a defense. The standard at the hearing is what is elaborated in the Dusky Standard for competency by the U.S. Supreme Court.

In the present case the Court did not elaborate how defendant displayed

behavior to cause the Court to have a bona fide doubt that defendant lacked a "present ability" to have a factual or rational understanding of the proceedings or lacked a "present ability" to assist counsel. Instead it implied that first amendment protected statements on Twitter prior to arrest it deemed "irrational beliefs" created a reasonable belief of incompetence in some unexplained way as if the belief that the Secretary of Defense was involved in a conspiracy similar to the Iran Contra scandal or when the Bush White House lied about yellow cake uranium in Iraq to justify an unlawful invasion equates to not understanding the role of a judge because the judge "can't fathom" conspiracies actually happen.

    As a result defendant was sent on an evaluation "not to exceed 30 days" for well over 30 days when the burden created by statute was not met. The evaluation should have occurred pre-hearing if a bona fide doubt existed.

    At the hearing for competency after the evaluation defendant was found

a lack the present ability to assist in one's defense to a reasonable

degree of rationality, which is the wrong standard as it should have been

re "present ability to consult with counsel with a reasonable degree of

ational understanding." The Court does not elaborate how the evidence

upports a showing that defendant cannot communicate with a rational

egree of understanding, cannot understand what it means to plea guilty

ersus go to trial, cannot understand what it means to cross-examine a

itness, cannot understand what a bench trial is versus a jury trial or

ny of the aspects of that prong of the Dusky Standard for competency.

nstead the Court claims that: being adamant about the Court proving

 has jurisdiction; wanting to remove counsel for telling the Court to

xercise jurisdiction to later look back to see if it has lawful authority;

anting to remove counsel for stating a conflict of interest "precludes" his

epresentation in an appeal then filing an appearance in the appeal, delaying

the appeal for over a year, and lying that it was dismissed; and other various violations of the Michigan Rules of Professional Conduct applied via E.D. Mich L.R. 83.20(j) equates to an inability to assist counsel. The Court also concludes, irrationally, that defendant intends to claim that "he was targetted" as a defense, but there is no basis for that false conclusion.

In result defendant was sent for "restoration procedure" not to exceed 120 days where it took 6 months to send Defendant to a facility, and defendant was placed in solitary confinement for 105 days without lawful reason, notice or oppurtunity to defend. With a facility in Oklahoma placing defendant in solitary confinement for 14 days because he "must be a conservative", defendant has spent a total of 119 days in solitary confinement as a pretrial detainee without cause nor due process. Defendant was at this "restoration procedure"

for 161 days. He was still being made to see psychiatrists and group earning up until the day he was sent back to Michigan.

At this time he has served just under 27 months, 119 days of which in solitary confinement for a charge where his maximum recommended sentence would be 0-6 months in a camp. He has been excessively punished without due process as a result of major violations of due process withing the misapplication of 18 USC §4241 which exists to preserve the right to due process. The government is gaming the system. For this reason the case should be dismissed with prejudice.

I certify this is 6 pages in length.

*[signature: Josh Cypur]*

⊗

Eastern District of Michigan
Southern Division

US
v                                    Case No: 23-20152
Jack Carpenter                       Mark A. Goldsmith

## Affidavit of Facts

1. 18 U.S.C. 4241 states that a hearing <u>must</u> be conducted <u>only if</u> a bone fide doubt of competency exists.

2. It also states that "prior to the hearing" an examination may be ordered "at the closest facility". Instead, an examination was ordered <u>as a result of the hearing</u> on June 6th, 2023 after the government requested an examination "to establish" a bone fide doubt of incompetency.
   a. A bone fide doubt did not exist, an evaluation was requested to establish one
   b. A hearing took place
   c. An examination was ordered after the hearing
   This is a procedural due process ~~order~~ issue, and the statute was violated.

3. I was sent to the farthest facility possible for a period that well exceeded 30 days. This is a procedural and substantive due process issue

4. I was not "evaluated" based off a "present ability" to understand the proceedings or assist in my defense. I was "diagnosed" off of Twitter posts, and then it was claimed that "diagnoses" equates to incompetence which is exactly what the Dusky Standard of competency explains is not what incompetency is.

5. Defense Counsel did not argue that competency is adversarial in nature and therefore it

legitimize the use of deadly force on the streets. But inmate safety is clearly not a concern here, which is a concern.

6. Defendant has been separated from his legal paperwork for a second time now, and the books: Federal rules of Criminal Procedure; Federal rules of Evidence; Federal Rules of Appellate procedure; Federal Rules of Civil Procedure were lost.

7. Leaving M.C.F.P. Springfield defendant was told he had to throw away $300 worth of property because he was "leaving BOP custody." This includes personal books and religious items, as well as commissary items. When he argued he was to be provided the ability to mail it home or to the facility he was going, he was told to throw it in the trash.

8. The AUSA is using 18 USC 4241 to deny defendant the ability to proceed pro se and to incarcerate defendant without a trial for longer than the law would incarcerate him if found guilty, while moving defendant from facility to facility, separating him from his legal paperwork and property to maliciously torture defendant. The Court is facilitating this abuse.

9. All of this is a tactic to prevent a challenge of jurisdiction under 28 USC §1604 from being addressed on its merits, and to cover-up the intentional release of SARS-COV-2 as a pretext to facilitate a money laundering operation from the US taxpayer to foreign agents.

*Josh Caputo*
⊗

10. Defendant has been incarcerated without a trial, in violation of 18 U.S.C. 4241 procedurally and time limitation for ~27 months, of which 119 days were in solitary confinement where 105 days of that were for the purpose of torturing defendant into "choosing" to take "voluntary medication" to sell him back his proper security designation under the law required for pre-trial detainees. Max recommended punishment for the charge is 0-6 months. The public defender in Texas stated: "the most you'll get is probation". This is punishment absent due process.

11. Defendant was at the "restoration procedure" that is "not to exceed 4 months" (120 days) for a period of 6 months, this is a procedural and substantive due process issue.

12. In Oklahoma Defendant was placed in Solitary Confinement for 14 days because he "must be a conservative".

13. Every facility except the Milan Detention Center, defendant has been unlawfully mixed with sentenced prisoners in violation on Senate Treaty Document 95-20.

14. In Seatac defendant was strip searched as a group punishment. In other facilities unlawfully made to use the restroom in front of male and female staff.

15. In Livingston County defendant was placed in a pod with an active gang that "owned all this", meaning the beds, and was attempted a strong-armed robbery by 8 people because he was "the wrong color" and "anti-cinematic". After telling the gang he wasn't paying them money for an assigned bed, and liked going to the movies, he asked to be moved. The Sheriff said, "I don't know what to tell you, figure it out." I bothered them until I was moved to a pod where I was not subjected to strong-armed robbery with a disparity of force that would

creates the perception of unfairness for the government to claim I am incompetent then the government assesses me for competency. Nor did defense counsel follow standard practice to limit the psychologist to only "present ability" to understand proceedings or to consult with counsel.

e. The standard to request a hearing is "a bona fide doubt" in defendant's ability to understand the proceedings or present ability to assist in his defense with a reasonable degree of rational understanding; the standard at the hearing is whether or not defendant possesses the present ability to rationally and factually understand the proceedings or the present ability to consult with counsel with a reasonable degree of rational understanding. This distinction is not subtle, important, and not followed by the court.

f. Pro Se filings are evidence of competence; challenging jurisdiction is evidence of competence; getting on the docket at the U.S. Supreme Court twice is evidence of competence.

g. Defense Counsel was acting as amicus curae and not an advocate of the defendant when he argued the Court should exercise jurisdiction then look back in hindsight to see if it existed after the Court recognized jurisdiction was challenged. This violates the Michigan Rules of Professional conduct applied under E.D. Mich L.R. 83.20(j)

h. Defense Counsel explains in ECF 57 pg 301-302 that a "conflict of interest... precludes representation in an appeal" that triggers the collateral order doctrine, files an appearance in the appeal despite the conflict, stopped sending any documentation for the case in violation of the Michigan Rules of Professional Conduct, told defendant the appeal was dismissed, which was a lie. To not remove this counsel is a violation of the 6th Amendment right to counsel

Jack Carpenter #485332
Livingston County Jail
150 S. Highlander Way
Howell, MI 48843

Office of the Clerk of the Court
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., 5th Floor
Detroit, MI
48226

GRAND RAPIDS MI 493
13 MAY 2025 PM 4 L

RECEIVED
MAY 19 2025
CLERK'S OFFICE
U.S. DISTRICT COURT

48226-27758