# United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 09/19/2025.

**Case Name:**   In re: Jack Carpenter, III
**Case Number:**   24-2113

**Docket Text:**
ORDER filed : The petition for a writ of mandamus [7280284-2] is DENIED. The motion to proceed in forma pauperis [7294440-2] is DENIED AS MOOT. Julia Smith Gibbons, Circuit Judge; John K. Bush, Circuit Judge and Joan L. Larsen, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Mr. Jack Eugene Carpenter III
F.C.I. Milan
P.O. Box 1000
Milan, MI 48160

**A copy of this notice will be issued to:**

Ms. Kinikia D. Essix

No.  24-2113

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
┌─────────────────────────────┐
│          FILED              │
│       Sep 19, 2025          │
│  KELLY L. STEPHENS, Clerk   │
└─────────────────────────────┘
```

In re:  JACK EUGENE CARPENTER, III,    )
                                        )        O R D E R
    Petitioner.                        )

Before:  GIBBONS, BUSH, and LARSEN, Circuit Judges.

Jack Eugene Carpenter III petitions for a writ of mandamus, requesting that we:  (1) order the district court to remove his appointed counsel and commence disciplinary proceedings against defense counsel and the United States Attorneys assigned to the case, (2) order the district judge presiding over Carpenter's proceedings to recuse himself, and (3) reverse all orders by the district judge.  Carpenter also moves for leave to proceed *in forma pauperis*.

Mandamus relief "is a 'drastic and extraordinary' remedy."  *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259 (1947)).  The court should issue the writ only if:  (1) the party seeking the writ has no other adequate means to attain the desired relief, (2) the petitioner establishes that his right to the writ is clear and indisputable, and (3) the court, in its discretion, is satisfied that the writ is appropriate under the circumstances.  *Id.* at 380−81.

Carpenter asks us to order the district court to remove his appointed counsel because he has a conflict of interest.  This request fails the first condition for relief because the district court already concluded after a hearing that there is no conflict of interest requiring counsel's removal,

and Carpenter can obtain review of an order denying substitution of counsel on appeal after final judgment. *See United States v. Carpenter*, No. 24-2031, 2025 U.S. App. LEXIS 976, at *3 (6th Cir. Jan. 15, 2025) (order) (noting the same); *United States v. Johnson*, 525 F.3d 648, 649 (8th Cir. 2008) (per curiam); *Cheney*, 542 U.S. at 380–81 (explaining that "no other adequate means" condition is "designed to ensure that the writ will not be used as a substitute for the regular appeals process").

In any event, Carpenter has not shown that he is clearly and indisputably entitled to the relief he seeks. Granting Carpenter his account of defense counsel's conduct, he has not persuaded this court that a genuine conflict of interest exists. As Carpenter tells it, because the effectiveness of defense counsel's assistance would be an issue on appeal, counsel would accordingly have a conflict of interest in representing him on appeal. So far, so good. Then Carpenter argues that because of this conflict on appeal, defense counsel has been motivated in his representation in the district court to "h[o]ld this appeal in abeyance" to see that "the injury complained about in the [future] appeal would be completed" and to prevent this court from learning of counsel's misconduct. But defense counsel's refusal to participate in Carpenter's attempted interlocutory appeals are harmless given this court's earlier, predictable conclusion that the collateral order doctrine would not permit such an action. *See Carpenter*, 2025 U.S. App. LEXIS 976, at *3. And the court is similarly unconvinced that defense counsel could be plausibly motivated by an interest in burying the "local counsel" issue for his own benefit given his forthright discussion of the issue with the district court and given this court's treatment (and knowledge) of the issue *infra*.

Carpenter also seeks removal of the district judge and asks this court to order the district court to remove his appointed counsel because he is representing Carpenter without additional "local counsel" as defined in Eastern District of Michigan Local Rule 83.20(f). These requests

also fail the first condition for relief because Carpenter has moved in the district court for disqualification of the district judge and filed motions for removal of his counsel that raise his "local counsel" argument. The district court has not yet ruled on Carpenter's motions, and his adequate alternative remedy is to receive a ruling from the district court in the first instance. *See In re Buckman*, No. 19-6386, 2020 U.S. App. LEXIS 5288, at *2 (6th Cir. Feb. 20, 2020) (order). *Cf. In re Aetna Cas. & Sur. Co.*, 919 F.2d 1136, 1143 (6th Cir. 1990) (en banc) (holding that court of appeals can consider mandamus petition requesting recusal of district judge after district court has denied motion for recusal).

Carpenter also does not show that he has a clear and indisputable right to an order directing removal of his appointed counsel because of noncompliance with Local Rule 83.20(f). No judge in the Eastern District of Michigan has yet addressed whether Local Rule 83.20(f) requires an appointed attorney from the Federal Community Defender to have a second attorney who is admitted to the State Bar of Michigan appear for a criminal defendant and attend court appearances if the appointed attorney is not admitted to the State Bar of Michigan. Further, even if the district court here concludes that Carpenter's appointed counsel must obtain separate "local counsel" for Carpenter under the current language in Local Rule 83.20(f), that conclusion would not require removal of appointed counsel and the district court could waive the local counsel requirement upon application from appointed counsel. *See* E.D. Mich. L. R. 83.20(f)(1).

To the extent Carpenter seeks additional relief, either the reversal of other orders by the district court or disciplinary action against counsel for the United States, the court concludes for the same reasons discussed above that he has failed to show that he has a clear and indisputable right to such relief.

No. 24-2113
-4-

Accordingly, the petition for a writ of mandamus is **DENIED**.  The motion to proceed *in forma pauperis* is **DENIED AS MOOT**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk