United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 01/09/2026.

**Case Name:** In re: Jack Carpenter, III
**Case Number:** 25-1685

**Docket Text:**
ORDER filed : The petitions for writs of mandamus [7390154-2] [7407166-2] [7407185-2] [7410295-2] [7440833-2] are therefore DENIED. The motions to proceed in forma pauperis [7396495-2] [7407174-2] [7407192-2] [7410302-2] [7457360-2] are DENIED AS MOOT. No mandate to issue. Danny J. Boggs, Circuit Judge; Eugene E. Siler, Jr., Circuit Judge and Raymond M. Kethledge, Circuit Judge. [25-1685, 25-1810, 25-1811, 25-1834, 25-2025]

**The following documents(s) are associated with this transaction:**
Document Description:    Order

**Notice will be sent to:**

Mr. Jack Eugene Carpenter III
F.C.I. Milan
P.O. Box 1000
Milan, MI 48160

**A copy of this notice will be issued to:**

Ms. Kinikia D. Essix

Nos. 25-1685/1810/1811/1834/2025

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 9, 2026
KELLY L. STEPHENS, Clerk

In re: JACK EUGENE CARPENTER, III, )
                                                     )       O R D E R
    Petitioner.                        )

Before: BOGGS, SILER, and KETHLEDGE, Circuit Judges.

In these related matters, Jack Eugene Carpenter, III, separately petitions for five writs of mandamus, requesting that we direct the district court to rule on several pro se motions that he filed while represented by counsel, and that we vacate its order finding him not competent to stand trial and committing him to the custody of the Attorney General for hospitalization to determine if his competency can be restored. *See* 18 U.S.C. § 4241(d). He also moves for leave to proceed *in forma pauperis*.

Mandamus relief "is a 'drastic and extraordinary' remedy." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (quoting *Ex parte Fahey*, 332 U.S. 258, 259 (1947)). We will issue a writ of mandamus only if: (1) the party seeking the writ has "no other adequate means to attain" the desired relief; (2) the petitioner establishes that his right to the writ is "clear and indisputable"; and (3) we, in our discretion, are "satisfied that the writ is appropriate under the circumstances." *Id.* at 380−81 (quoting *Kerr v. U.S. Dist. Ct. for N.D. Cal.*, 426 U.S. 394, 403 (1976)).

Although "we look unfavorably upon lengthy, unjustified, and inexplicable delays on the part of district courts in deciding cases," *Campbell v. PMI Food Equip. Grp., Inc.*, 509 F.3d 776, 782 (6th Cir. 2007), the motions that Carpenter identifies have been pending only for several months; and "district courts ordinarily enjoy broad discretion in matters of pretrial management, scheduling, and docket control." *Kimble v. Hoso*, 439 F.3d 331, 336 (6th Cir. 2006). Further, the district court has previously stricken and denied some of Carpenter's other motions, on the grounds that it will not permit him to proceed in a hybrid manner, or consider the merits of pro se motions that he files while declared incompetent to stand trial. As Carpenter is still represented by counsel and declared not competent to stand trial, the district court's treatment of Carpenter's more recent pro se motions is not inexplicable.

Carpenter's requests that we vacate the district court's orders that found him not competent and committed him to the custody of the Attorney General under § 4241(d) fail the first condition for mandamus relief because he could have immediately appealed those orders under the collateral-order doctrine. *See United States v. Davis*, 93 F.3d 1286, 1289 (6th Cir. 1996); *United States v. Carpenter*, No. 25-1333 (6th Cir. May 7, 2025), *reh'g denied* (6th Cir. June 2, 2025). That he did not timely appeal the orders does not mean that the alternative means he could have used to pursue his desired relief were inadequate. *See Cheney*, 542 U.S. at 380–81 (explaining that "no other adequate means" condition is "designed to ensure that the writ will not be used as a substitute for the regular appeals process"); *Rimmer v. Holder*, 700 F.3d 246, 262 (6th Cir. 2012) ("Adequacy [of alternative means] does not depend on a party's ability to prevail on the merits.").

In addition, on November 14, 2025, the district court ruled that Carpenter's "mental condition has not so improved as to permit the proceedings to go forward," 18 U.S.C. § 4241(d), and that he would be committed to the custody of the Attorney General for an evaluation under

§ 4246(b) to determine whether his release "would create a substantial risk of bodily injury to another person or serious damage to property of another," 18 U.S.C. § 4246(a). The district court also indicated that it would issue another order that effectuates the holdings in its November 14 opinion and order. The district court's November 14 order and forthcoming order committing Carpenter for a psychiatric evaluation are collateral orders that are immediately appealable. *See Davis*, 93 F.3d at 1289; *United States v. Godinez-Ortiz*, 563 F.3d 1022, 1026–29 (9th Cir. 2009) (holding that order committing defendant for evaluation under § 4246(b) is immediately appealable under the collateral-order doctrine). Carpenter therefore has an additional opportunity to appeal the district court's finding that he is not competent to stand trial, if he timely files a notice of appeal.

The petitions for writs of mandamus are therefore **DENIED**. The motions to proceed *in forma pauperis* are **DENIED AS MOOT**.

                              ENTERED BY ORDER OF THE COURT

                              Kelly L. Stephens, Clerk